JUDGE SCHOFIELD

Vik Pawar, Esq.
Robert Blossner, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

14 CV 6764

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ARTURO MARTINEZ-RODRIGUEZ,

                         Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. DAVID
RASHKOVER (tax 935569), SGT. KEVIN
GILDEA 9tax 904029), AUTO-CRIMES
DIVISION, JOHN AND JANE DOES,

                        Defendants.
-------------------------------------------------------------x

**COMPLAINT**

Jury Demand



RECEIVED
AUG 20 2014
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff ARTURO MARTINEZ-RODRIGUEZ (hereinafter "Plaintiff")
by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges
as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages
and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of his
civil rights, as secured by statutes and the Constitution of the State of New York and the
United States.

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff is the owner of a towing company in the Bronx, New York.

7.     Plaintiff has operated his business for over a decade.

8.     Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendants Rashkower and Gildea are members of the Auto-Crimes Division and are sued in their individual, official and supervisory capacities and because they acted under the color of state law.

10.     Defendants John and Jane Does were working with the named defendants and are also sued in their individual, official and supervisory capacities.

11.     There exists an endemic problem in Bronx in the area of police abuse of power which the defendant City is well aware of due to the large number of lawsuits filed against NYPD precincts in the Bronx predicated upon violation of citizens and residents' constitutional rights.

## FACTS

12.     On November 20, 2011, plaintiff was working on behalf of his business, as a tow-truck operator when he received a call from the NYPD defendants that they needed plaintiff's assistance to tow a vehicle.

13.     Plaintiff arrived at the location he was directed to, which was in an isolated area on a service road within the confines of the 47th precinct.

14.     Defendants greeted plaintiff when he stopped his tow-truck and walked towards the vehicle that needed to be towed.

15.     Defendants informed plaintiff that the vehicle was abandoned and that they would much rather just sell the vehicle to plaintiff for $100.

16.     Plaintiff stated that before a purchase could be completed he needed to see a title, an identification etc.

17.     Defendants told him that if there is no title, he can simply fill out a form for "no title."

18.     Plaintiff took the form from the defendants and turned around and walked towards his truck to get a pen to complete the form.

3

19.     When plaintiff turned around, defendants had disappeared from view.

20.     Plaintiff was confused by this behavior and proceeded to return to his truck so that he could drive back to his business location.

21.     Before plaintiff could depart, the defendants reappeared in unmarked cars and vans and arrested plaintiff.

22.     Plaintiff was not informed what criminal activity the defendants were arresting him for.

23.     Plaintiff was held inside a police van, handcuffed and freezing, during which time he was able to observe and find out that defendants were repeatedly arresting other individuals with what appeared to be using the same ploy and subterfuge as they had on plaintiff.

24.     Plaintiff had to spend over 24 hours in jail.

25.     Plaintiff had to endure countless court appearances during which time he did not have access to his tow truck.

26.     Plaintiff lost substantial revenue because he was unable to engage in his tow-trucking business.

27.     The actions of this group of policemen, although unconstitutional were not those of rogue officers, but were a well thought out and rehearsed scenario that was at least ratified if not orchestrated in advance by superior officers. These little playlets and the ensuing arrests were to be carried out on a continuing basis with the knowledge of those in command.

28.     The targeting by the State of otherwise innocent civilians who were not predisposed to criminal activity is not only a purposeful denial of due process in violation

4

of the Fourth and Fourteenth Amendments, it breeds contempt, fear, and mistrust of the State by its citizens. Such conduct should shock the judicial conscience.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Unlawful Seizure under the 4th Amendment)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     There was no probable cause for the arrest or the continued incarceration of plaintiff, and as such the Defendant's acts resulted in violations of both of the plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

31.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure were violated and he sustained physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to the Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

34.     As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to engaging in the type of conduct alleged in the factual portion of this complaint, by deploying unlawful practices and policies to entrap individuals for crimes they did not commit. In addition, officers engaged in illegal conduct simply to generate arrests and appease their commanders by stating that arrests are reducing crime in the neighborhood. In fact, it is the officers who engage in crime, arrest individuals like plaintiff, and state that they have arrested the offending individuals. These artificial busts of alleged "criminals" is a device and policy/custom/practice by the NYPD auto-crimes division, who may or may not have had legal input from the DA or NYPD legal bureau's office. In addition, the City and Police Department engaged in a policy of purposely overlooking, ignoring, and/or otherwise ratifying such actions, and adopting the custom or practice of

inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of the Plaintiffs rights as described herein.

38.   In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

39.   As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40.   The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

41.   Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights by engaging in these types of similar conduct and thus making the defendant City of New York liable under *Monell*.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under Section 1985)

42.   Plaintiff repeat, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.   Defendants targeted innocent people like the plaintiffs and conspired with

each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests. In addition, these tactics were employed to give superiors false sense that something was done about crime/auto-theft in the City of New York.

44.     As a result of said conduct, plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Unlawful Taking)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants' actions and conduct denied plaintiff the right to his business for an extended period without due process.

47.     Defendants' conduct deprived plaintiff off his livelihood and his business suffered economic damages. Defendants are liable for the deprivation of plaintiff's property interests.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The Defendant supervisors had the supervisory duty to control their sub-ordinates. Instead through their own actions and inaction, plaintiff suffered injuries and therefore they are liable under supervisory liability.

**WHEREFORE,** Plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for each of the Plaintiffs named therein against Defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
   August 18, 2014

Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
   Vik Pawar (VP9101)
   Robert Blossner (RB0526)
   *Attorneys for Plaintiff*